IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL A. FLUITT | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 22-160 |
| KILOLO KIJAKAZI, *Acting Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 31st day of July, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff is proceeding *pro se* in this case, and while the Court believes that he has done a credible, good-faith job of explaining his position, the Court must, at the outset, explain the limited scope of its authority in this matter. 42 U.S.C. § 405(g) permits a district court to review a final decision of the Commissioner of Social Security. However, judicial review is based solely on the pleadings and the transcript of the record, and the scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues and reviews the findings of fact of the Administrative Law Judge ("ALJ") to determine whether they are supported by substantial evidence). If the district court finds this to be so, it must uphold the Commissioner's final decision. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).

Therefore, the Court here is limited to reviewing the record before it to assure itself that this record adequately supports the ALJ's decision that Plaintiff was not disabled during the relevant time period, *i.e.*, the application date of September 20, 2019 and the date of the ALJ's decision – June 3, 2021. Whether Plaintiff was disabled during some time other than the relevant period is outside the Court's scope of review. Therefore, the Court cannot consider evidence that was not before the ALJ in its determination of whether or not the ALJ's decision was supported by substantial evidence. *See Matthews*, 239 F.3d at 594; *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 360 (3d Cir. 2011). Moreover, the Court cannot hold a hearing pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), as to the reliability and relevance of the expert testimony in this case, as neither Federal Rule of Evidence 702 nor *Daubert* apply to administrative hearings in Social Security cases. *See* 20 C.F.R. § 498.217(b); *Nat'l Taxpayers Union v. U.S. Soc. Sec. Admin.*, 302 Fed. Appx. 115, 121 (3d Cir. 2008); *Drevers v. Astrue*, No. 6:11-CV-253-SI, 2012 WL 1189759, at *22 (D. Or. Apr. 9, 2012). In short, the Court has no authority to do anything but to review the record in this administrative case and evaluate the decision of this ALJ.

It is also important to remember that the issue is not the nature of Plaintiff's diagnosis, but what functional limitations his conditions caused. *See Walker v. Barnhart*, 172 Fed. Appx. 423, 426 (3d Cir. 2006). The ALJ found the residuals of Plaintiff's right hip fracture and surgery, along with his depression, anxiety, and attention deficit/hyperactivity disorder to be severe impairments (R. 19) and included restrictions in Plaintiff's residual functional capacity ("RFC") to account for these conditions. (R. 22). The question here, therefore, is whether the

functional limitations included in the RFC sufficiently addressed Plaintiff's impairments. The Court finds that substantial evidence supports the ALJ's findings.

The RFC formulated by the ALJ is significantly restrictive and comprehensive, limiting Plaintiff to a reduced range of sedentary work with a number of non-exertional restrictions. For the most part, Plaintiff does not suggest any additional limitations that should have been included in his RFC; he does, however, state that he has been recommended and prescribed a cane that requires the use of at least one upper extremity and that most jobs require the use of both extremities in an 8-hour workday. Plaintiff is correct that the use of a device to help with ambulation can impact a claimant's functional capacity. In this matter, though, the ALJ adequately considered and addressed Plaintiff's use of a cane.

For the use of an assistive device to be included in the RFC, the record would have to show that the use was medically necessary as well as the circumstances under which the device was required. Here, the ALJ clearly acknowledged evidence that Plaintiff sometimes walked with a limp and/or antalgic gait and that he used a cane during his consultative examination with Alexandra Smith-Demain, M.D. (R. 23-24). However, mere use of a cane is not enough; Plaintiff must show that this use was medically necessary. In his attempt to do so, Plaintiff relies on Dr. Smith-Demain's opinion. While the ALJ is correct that the record contains no evidence demonstrating that Plaintiff's use of a cane was prescribed by Dr. Smith-Demain or any other physician, in Dr. Smith-Demain's opinion (R.525-39), she noted Plaintiff's use of a cane and indicated that the use of the cane was medically necessary for ambulation (R. 525, 530). She stated, in fact, that Plaintiff uses a cane all the time. (R. 525).

The ALJ, however, expressly addressed Dr. Smith-Demain's opinion and found it to be unpersuasive, including to the extent that a cane was medically necessary. (R. 25-26). She explained that the opinion was internally inconsistent, as it appeared to allow for a very wide range of inconsistent activity, and not supported by any evidence or explanation. The Court finds the ALJ's explanation to be sufficient. Moreover, the ALJ relied on a substantial amount of additional evidence in formulating an RFC that did not include the use of a cane, including medical imaging results, several normal physical examination findings, the lack of mention of the use of a cane by other treating sources, and the opinions of the state reviewing agents. (R. 23-27). Indeed, as the ALJ pointed out, use of a cane was not mentioned even when Plaintiff visited the emergency room specifically because of his hip/leg pain in June 2018, and he was found to have a steady and balanced gait. (R. 491). Similarly, in July 2018, it was noted that Plaintiff ambulated well without assistance with 5/5 strength in his lower extremities. (R. 505).

"The ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler*, 667 F.3d at 361. *See also* 20 C.F.R. §§ 416.920b(c)(3)(vi), 416.946(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996). "Surveying the medical evidence to craft an RFC is part of an ALJ's duties." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). Here, the ALJ appropriately relied on more than the consultative examiner's opinion in crafting the RFC. As noted above, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 17) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED as set forth herein.

s/Alan N. Bloch<br>United States District Judge

ecf:      Counsel of record

cc:       Paul A. Fluitt
           912 Island Avenue
           McKees Rocks, PA 15136

---

differently. *See Hartranft*, 181 F.3d at 360; *Monsour*, 806 F.2d at 1190-91; *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). The record in this case contains substantial evidence to support the ALJ's determination of Plaintiff's RFC, including that the use of a cane was not medically necessary. Indeed, she expressly accounted for Plaintiff's tenderness and documented limp by restricting him to sedentary work that included limited standing, walking, and postural movements, as well as environmental restrictions. (R. 24).

In cases such as this one, where the record shows that a claimant has used a cane but not that the use was medically necessary, courts have found no basis for including the use of an assistive device in a claimant's RFC. *See Drowell v. Berryhill*, Civ. No. 17-795, 2018 WL 3574890, at *2 (W.D. Pa. July 25, 2018) (citing *Houze v. Barnhart*, 53 Fed. Appx. 218 (2002)) (finding that the ALJ did not err in failing to account for claimant's use of a cane in fixing the RFC where there were multiple references to the fact that claimant used a cane but no evidence of its medical necessity); *Van Horn v. Saul*, 4:19-cv-414, 2019 WL 544830, at *11 (M.D. Pa. Sept. 11, 2019); SSR 96-9p, 1996 WL 374185 (S.S.A.), at *7 (applying this same standard in regard to sedentary work).

The Court further notes that the ALJ also addressed Plaintiff's use of a cane in determining whether he met or equaled a listing at Step Three of the sequential analysis. Specifically, the ALJ considered Listings 1.17 and 1.18, 20 C.F.R. Part 404, Subpart P, Appendix 1. While acknowledging Plaintiff's use of a cane, she emphasized that there was no evidence Plaintiff required a bilateral cane or walker and that he therefore did not meet the criteria of these listings that required the inability to use at least two extremities. (R. 20).

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports her findings. The Court will therefore affirm.